UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Fredrick Perkins and Alice J. Perkins,

                                  Plaintiffs,

      v.

United States of America,

                                  Defendant.

**Decision and Order**

16-CV-495V

---

      Familiarity with the background and history of this case is presumed. On March 26, 2018, defendant filed a motion to stay all proceedings in this case "until Plaintiffs' planned appeal of a Tax Court order in a related case is determined by the Second Circuit Court of Appeals." (Dkt. No. 43 at 1.) The related case is *Perkins v. Comm'r*, No. 28215-14, 2018 WL 1146343 (T.C. Mar. 1, 2018). There, the United States Tax Court granted partial summary judgment to the United States with respect to the availability of an exemption from income tax based on two Indian treaties: the Treaty with the Six Nations of 1794 (the "Canandaigua Treaty") and the Treaty with the Seneca of 1842 (the "1842 Treaty"). The Tax Court's analysis rests primarily on two points: first, that it "has consistently rejected the argument that the Canandaigua Treaty creates a tax exemption for individual members of the constituent nations of the Iroquois Confederacy," *id.* at *4; and second, that an exemption can be available only for income derived from allotted Indian land, "but if the gravel was taken from common land, it couldn't have been specifically allotted to Alice," *id.* at *6. In making these points, the Tax Court has disagreed with the analysis that Judge Vilardo used when he denied a motion to dismiss in this case. *See generally Perkins v. United States*, No. 16-CV-495(LJV),

2017 WL 3326818 (W.D.N.Y. Aug. 4, 2017). Defendant now advances this rationale for a stay of this case:

> Although fact discovery in this case is now complete, the parties and the Court have not commenced dispositive motion practice. On the same date that the Court issued a schedule for dispositive motions to be filed, the Tax Court issued an order that will directly impact the Court's consideration of one of the primary issues in this litigation: whether Plaintiffs' income from selling gravel mined from the Seneca Nation's Allegany Territory is tax exempt under the Canandaigua Treaty or the 1842 Treaty. If the Second Circuit affirms the Tax Court, Plaintiffs cannot sustain their burden to establish that they are entitled to a refund. On the other hand, if the Second Circuit vacates the Tax Court's ruling, the parties and the Court will have clarity on one of the primary issues that will be considered on summary judgment at any subsequent trial. The Tax Court's ruling on "what appears to be an issue of first impression," *see Perkins*, 2017 WL 3326818, at *1, will now squarely be presented to the Second Circuit.
>
> A stay would not unduly prejudice either party, the Court, non-parties, or the public at large. To the contrary, a stay of this case would avoid the unnecessary expenditure of resources while the Second Circuit considers the Plaintiffs' Tax Court appeal. The United States submits that resolution of an appeal by the Second Circuit will narrow—or entirely end—the disputes before this Court.

(Dkt. No. 43-1 at 4.)

Plaintiffs oppose a stay for two reasons. Plaintiffs contend that this case is closer to resolution than the Tax Court case, which now must head to trial. According to plaintiffs, "[i]f the government was truly interested in promoting judicial economy it would have motioned the Tax Court for a stay of its proceeding rather than seeking to stay this district court proceeding in an obvious attempt to shop for a favorable forum for its position on the law." (Dkt. No. 47 at 4.) Additionally, plaintiffs emphasize that the Tax Court case concerns tax years 2008 and 2009 while this case concerns tax year 2010. "Plaintiffs have chosen to litigate tax year 2010 in the district court. Their choice should be honored by this Court unless there is a compelling reason to do otherwise." (Dkt. No. 47 at 7.)

2

Upon reviewing all the parties' papers, the issue that draws the most attention from the Court is a subtle concession that defendant stated in its reply brief: "the Tax Court now has issued an order that, *once final*, likely will estop Plaintiffs' arguments in this district court action." (Dkt. No. 48 at 3) (emphasis added). This concession causes problems for defendant's motion in two ways. If the Court were to interpret defendants' motion as a request for application of *res judicata*, *see id.* ("The Tax Court determination—when applied as *res judicata*—is fully dispositive of this District Court refund claim."), then finality as recognized under 28 U.S.C. § 1291 simply has not happened yet. The Tax Court case is scheduled for trial on June 12, 2018; a dispositive decision apparently will not follow for at least a few months thereafter. Collateral estoppel likely is not yet available, either. *See, e.g., Wilson v. Steinhoff*, 718 F.2d 550, 552 (2d Cir. 1983) ("The doctrine of collateral estoppel may be invoked only where an issue of fact or law has been litigated and determined by a valid and final judgment and the determination was essential to the judgment."). Alternatively, there is some case law suggesting that Section 1291 finality might not always be necessary for application of collateral estoppel. *See United States v. Walker*, 239 F. Supp. 3d 738, 740 (S.D.N.Y. 2017) ("Finality may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.") (internal quotation and editorial marks and citations omitted). If defendant were to press the alternative argument, however, then the argument potentially would backfire, since that same argument would support an application of Judge Vilardo's decision against the Tax Court.

Without the availability—yet—of either *res judicata* or collateral estoppel, plaintiffs have the better argument as they did with defendant's previous motion for a stay (Dkt. No. 32). Dispositive motions in this case will be filed on or before May 4, 2018. The Court will send a recommendation to Judge Vilardo as expeditiously as a full consideration of the issues permits. Depending on the

3

outcome of the dispositive motions, a trial might not be necessary in this case, while a trial is guaranteed to occur before the Tax Court. At the same time, defendant seems to be ruling out the possibility that the Court might yet wind up reaching the same final outcome as the Tax Court. The Tax Court's concurring opinion acknowledged that "there are unresolved factual and legal issues as to whether gravel mined from Indian land is part of Indian land." *Perkins v. Comm'r*, 2018 WL 1146343, at *8. Judge Vilardo's decision addressed only whether plaintiffs had cognizable claims under Rule 12(b)(6). This Court, in a prior Report and Recommendation that Judge Vilardo partially adopted, noted some factual questions that would await discovery:

> The Court currently knows nothing about why Alice wanted to extract gravel, why the Seneca Nation gave her permission to do so, how Alice sold the gravel, or how much she sold. Did Alice sell the gravel in front of her house the way some people cut their own timber from their backyards and sell firewood on the shoulder of the road in front of their houses? Did Alice sell gravel through a commercial entity that did other things much less connected to Seneca land? Some of these details might matter; some might not. Potentially, though, plaintiffs will be able to present a scenario in which a fairly modest amount of income came so directly from Seneca land that, in a sense, they were selling a part of the physical land itself.

(Dkt. No. 14 at 12.) If the record now has been developed with undisputed facts that help defendant then dispositive motions could well end in defendant's favor and render moot any concern about parallel proceedings reaching different outcomes. Meanwhile, plaintiffs are correct that they have the right to address the tax year of 2010 in the forum of their choice. *See Bush v. Comm'r*, 75 F.2d 391, 392 (2d Cir. 1949) ("Federal income taxes are levied on an annual basis; each year is the origin of a new liability and a separate cause of action."); *accord Karagozian v. Comm'r*, 595 F. App'x 87, 88 (2d Cir.) (summary order), *cert. denied*, 136 S. Ct. 370, 193 L. Ed. 2d 291 (2015).

## CONCLUSION

There have been some accusations in connection with this motion about forum shopping and ulterior motives for seeking one forum or another. The Court does not need to wade into those

accusations except to note the obvious: As part of regular zealous advocacy, *of course* each side would love to have a stay of the case in which it received an unfavorable legal ruling. What matters to the Court is that, as of now, neither *res judicata* nor collateral estoppel override plaintiffs' statutory right to pursue relief in two different fora, each of which still has to resolve some important factual questions. For all of the foregoing reasons, then, the Court denies defendant's motion for a stay (Dkt. No. 43).

SO ORDERED.

                                                                     /s Hugh B. Scott
                                                                    Hon. Hugh B. Scott
                                                                    United States Magistrate Judge

DATED: April 18, 2018